RECEIVED
IN MONROE, LA
DEC 7 - 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION. No. 07-30029 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BRUCE WILLIAMS | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a Motion to Dismiss Indictment for Differences in Sentence Guidelines Between Crack Cocaine and Powder Cocaine [Doc. No. 25]. Defendant is charged with offenses involving both powder and crack cocaine. He moves the Court to order the dismissal of his Indictment because the United States Supreme Court has pending before it a case on the issue of differences in sentences based on whether a defendant was convicted of an offense involving powder cocaine or crack cocaine. See Kimbrough v. United States, 174 Fed. Appx. 798 (4th Cir. 2006), cert. granted, 2007 LEXIS 7524 (June 11, 2007).

The Government has responded to this motion and points out that the Supreme Court's decision in Kimbrough will have no effect on the statutory minimum sentences applicable to Defendant, nor his criminal history, which may result in a recommended increase to his sentence above the statutory minimum. Given the recent amendments to the United States Sentencing Guideline calculations for crack cocaine offenses, Defendant's concern may be moot.

Whatever the potential effect of Kimbrough to Defendant's possible sentence, his motion raises no argument addressing the legality of the original Indictment. An issue regarding sentencing does not present the Court with justification for dismissing a validly obtained Indictment. The Court

will address Defendant's sentence if he pleads guilty or is convicted in this matter. Accordingly,

IT IS ORDERED that Defendant's motion is DENIED.

MONROE, LOUISIANA, this \_\_\_7\_\_\_ day of \_\_December\_\_, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE