UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-30029 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BRUCE WILLIAMS | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is a motion [Doc. No. 69] filed by Defendant Bruce Williams ("Williams"). Williams was originally sentenced on August 18, 2008, to a term of imprisonment "of 156 months to run **consecutively** with the undischarged parole sentence of the State of Louisiana." [Doc. No. 61 (Judgment signed on August 22, 2008) (emphasis added)]. On May 15, 2012, pursuant to 18 U.S.C. 3582(c)(2), the Court issued an Amended Judgment [Doc. No. 67], reducing Williams' term of imprisonment to 120 months, but otherwise adopting the provisions of the August 22, 2008 Judgment.

Williams now contends that he has not properly been credited by the Bureau of Prisons ("BOP") for time spent in federal custody. To remedy the BOP's alleged error, Williams moves the Court to amend its previous judgments to state that the term of imprisonment imposed is to run **concurrently** with the undischarged parole sentence of the State of Louisiana.

Contrary to Williams' belief, the Court's authority to modify a previously imposed sentence is limited by 18 U.S.C. § 3582(b) to specific circumstances, such as, when: (1) the Court receives a motion from the Director of the BOP indicating either that there are extraordinary and compelling reasons warranting a reduction or that the defendant meets certain

other criteria and that the reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) the Court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acts within 14 days after the imposition of sentence to correct an arithmetical, technical, or other clear error; (3) the Government moves pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction in a defendant's sentence based upon substantial assistance in the investigation and/or prosecution of another person; and (4) a defendant has been sentenced to a term of imprisonment based upon a sentencing range that is subsequently lowered by the Sentencing Commission. None of those reasons apply in this case, and the Court has no other authority to grant Williams the relief he seeks.

Further, pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Williams has not demonstrated that he has exhausted his remedies through the BOP. Accordingly,

IT IS ORDERED that Williams' letter motion for amendment of his judgment [Doc. No.

69] is DENIED.

IT IS FURTHER ORDERED THAT, to the extent that Williams' motion may be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, the petition is DENIED and DISMISSED WITHOUT PREJUDICE to his right to re-file after he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 11th day of July, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE